**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Matthew W. Gross, SBN 324007
mgross@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF YUBA, SERGEANT ARBJIT SINGH KANDOLA, SERGEANT JEFFREY T. PALMER, and ISMAEL RAMOS
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUE DOA YANG *et al.*, | CASE NO. 2:23-cv-00066-TLN-JDP |
| Plaintiffs, | **FIRST STIPULATION AND ORDER TO AMEND INITIAL PRETRIAL SCHEDULING ORDER (DKT. 4)** |
| v. | |
| COUNTY OF YUBA *et al.*, | SAC: 7/5/24 |
| Defendants. | FAC: 10/16/23 |
| _____/ | Complaint Filed: 01/11/2023 |

Plaintiffs and Defendants ("the parties"), by and through their respective counsel of record, and subject to the approval of this Court, hereby stipulate as follows:

**RECITALS**

1. This case involves the death of Tong Yang who died of suicide at the Yuba County Jail. The operative complaint in this case is the Second Amended Complaint. Plaintiffs filed the Second Amended Complaint (SAC) on July 5, 2024. Dkt. 44. Defendants Wellpath, LLC, Christina Boets, MFT, and Taylor Fithian, M.D., filed an answer to the SAC on July 19, 2024. Dkt. 52.

2. On July 25, 2024, Defendants County of Yuba, Jeffery Palmer and Ismael Ramos filed their motion to dismiss the SAC. Dkt. 53. Plaintiffs filed their opposition on August 8, 2024. Dkt. 54.

3. On November 15, 2024, Wellpath, LLC, filed a suggestion of bankruptcy and notice of stay. Dkt. 57. Wellpath subsequently filed an amended suggestion of bankruptcy and notice of stay. Dkt. 60.

4. This Court issued a minute order on November 15, 2024, stating that the matter was stayed as the Debtor, but could proceed against other Defendants. Dkt. 58.

5. The Court ruled on the motion to dismiss on December 3, 2024, granting in part and denying in part the County Defendants' motion. Dkt. 59. The County Defendants filed their answer to the SAC on December 23, 2024. Dkt. 61.

6. In accordance with the Court's order (dkt. 58), Plaintiffs and the County Defendants have exchanged written discovery and proceeded with this case. Although Plaintiffs and the Wellpath Defendants had exchanged written discovery requests, all such discovery was stayed as of November 15, 2024.

7. On May 1, 2025, the United States Bankruptcy Court for the Southern District of Texas confirmed the bankruptcy plan for the debtor Wellpath. Dkt. 2596 in case no. 24-90533. The automatic stay lapsed after the effective date of the bankruptcy plan, which was May 9, 2025. Dkt. 2680.

8. As a result of the bankruptcy case, Plaintiffs learned that a separate, but related, Wellpath entity called California Forensic Medical Group (CFMG), was the contracting party in this case that provided medical and mental health services at the Yuba County Jail. CFMG is a professional corporation that is not a "debtor" subject to the Wellpath bankruptcy. Plaintiffs will seek leave to file an amended complaint that joins CFMG as a real party in interest, either via a stipulation or motion.

9. On June 3, 2025, the parties conducted a supplemental Fed. R. Civ. P. 26(f) conference to discuss the status of this case after termination of the Wellpath bankruptcy stay.

10. The parties have met and conferred regarding the Scheduling Order (dkt. 4), and the parties believe certain dates will not give the parties sufficient time to investigate the issues in the case, conduct discovery, and prepare for trial.

11. Discovery in this case is anticipated to take additional time. There are nine (9) individual

plaintiffs in this case. Due to the number of parties, and the logistical challenges of coordinating among counsel and the parties, the parties will require additional time to conduct discovery. Moreover, the written discovery at issue is anticipated to be voluminous; it will be comprised of thousands of pages and will constitute many gigabytes of data (for video and other digital materials).

12. When an act must be done within a specified time, the Court may, for good cause, extend the time with or without motion if the court acts, or a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). With respect to an order setting forth the Court's pretrial schedule, "[t]he district court may modify the pretrial schedule 'if it cannot be reasonably met despite the diligence of the party seeking the amendment.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

13. The parties have diligently conducted discovery in this case, despite delays and challenges caused by the bankruptcy proceedings. As a practical matter, the bankruptcy proceedings effectively prevented any depositions from going forward because, without the participation and attendance of counsel for the Wellpath, LLC Defendants, the Wellpath Defendants would have had the ability to re-notice any deposition that was conducted while the bankruptcy stay was in effect. This would not only subject deponents and parties to a possible additional deposition, but it would pose needless costs on the parties and increase the attorney time. Consequently, no depositions were held while the bankruptcy stay was in effect. The parties have not sought any prior modification of the Scheduling Order.

## **STIPULATION**

14. Based on the foregoing, the parties, by and through their undersigned counsel of record, respectfully request that the Court modify the Scheduling Order as follows:

| Case Event | Current Deadline (dkt. No. 4) | Proposed Amended Deadline |
|---|---|---|
| Fact discovery cut-off | August 21, 2025 | June 5, 2026 |
| Expert disclosures | October 20, 2025 | August 7, 2026 |
| Rebuttal expert disclosures | November 19, 2025 | September 7, 2026 |
| Expert discovery cut-off | Not set | October 9, 2026 |
| Dispositive motion filing cut-off date | February 17, 2026 | January 4, 2027 |

///

///

**STIPULATION AND ORDER TO AMEND SCHEDULING ORDER**

| | | |
|---|---|---|
| 1 | Dated: June 9, 2025 | LAW OFFICE OF SANJAY S. SCHMIDT, HELM LAW OFFICE, PC, and GRACE JUN, ATTORNEY AT LAW |

*/s/ Grace Jun*
By: GRACE JUN
*Sanjay S. Schmidt*
*T. Kennedy Helm, IV*
*Grace Jun*
*Attorneys for Plaintiffs*

Dated: June 9, 2025            PORTER SCOTT
                               A PROFESSIONAL CORPORATION

By   */s/ Matthew W. Gross*
*Carl L. Fessenden*
*Matthew W. Gross*
*Melissa Yoest*
*Attorneys for Defendants*
*County Of Yuba and Ismael Ramos*

Dated: June 9, 2025            GORDON REES SCULLY
                               MANSUKHANI

By   */s/ Lindsey Romano*
*Lindsey Romano*
*Allison Becker*
*Attorneys for Defendants*
*Wellpath, LLC, Christina Boets MFT, and Taylor Fithian, M.D*

**STIPULATION AND ORDER TO AMEND SCHEDULING ORDER**

**ORDER**

The Court, having considered the parties' stipulation, and good cause appearing, rules as follows:

The relief the parties jointly request is GRANTED, and the scheduling order is modified as follows:

| Case Event | Current Deadline (dkt. No. 4) | Amended Deadline |
|---|---|---|
| Fact discovery cut-off | August 21, 2025 | June 5, 2026 |
| Expert disclosures | October 20, 2025 | August 7, 2026 |
| Rebuttal expert disclosures | November 19, 2025 | September 7, 2026 |
| Expert discovery cut-off | Not set | October 9, 2026 |
| Dispositive motion cut-off date | February 17, 2026 | January 4, 2027 |

**IT IS SO ORDERED**.

DATED: June 10, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

**STIPULATION AND ORDER TO AMEND SCHEDULING ORDER**